IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIO ALVAREZ,

    Movant,

v.                                                         No. CV 16-00930 RB/LAM
                                                         No. CR 12-03186 RB

UNITED STATES OF AMERICA,

    Respondent.

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court under Rule 4 of the Rules Governing Section 2255 Proceedings in the United States District Courts on Movant Mario Alvarez's Abridged Motion to Vacate, Set Aside Criminal Conviction and Sentence Pursuant to 28 U.S.C. Section 2255 in Light of Johnson v. United States, 135 Ct. 25551 (2015) (*CV Doc. 1, Cr Doc. 101*).  It appears on the face of the Motion and the record in No. CR 12-03186 RB that the motion was not filed within one year as required by 28 U.S.C. § 2255(f).  Therefore, the Court will order Movant Alvarez to show cause why the Motion should not be dismissed as untimely.

Section 2255(f) states:

> "A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Movant Alvarez indicates that he is filing an abridged motion in an attempt to comply with the statute of limitations, and that he will file a supplemental motion within 60 days of August 15, 2016. (*CV Doc. 1 at 1, CR Doc. 101 at 1*). More than 60 days has elapsed and no supplemental motion has been filed. Alvarez was sentenced and judgment was entered on May 9, 2014. (*CR Doc. 77*). Alvarez did not appeal from the judgment of conviction. Absent a direct appeal or other proceeding attacking his conviction or sentence, Alvarez's judgment of conviction became final in May of 2014 and his August 10, 2016 filing is untimely for purposes of 28 U.S.C. § 2255(f)(1). *Clay v. United States*, 537 U.S. 522, 524 (2003).

Movant Alvarez is proceeding under a theory that his sentence should be vacated and he should be resentenced based on *Johnson v. United States,* 135 S.Ct. 2551 (2015). Alvarez may contend that, alternatively, that the 1-year limitation period applicable to his claim is the period under § 2255(f)(3). The *Johnson* decision was handed down by the Supreme Court on June 26, 2015 and the deadline for filing a § 2255 motion based on *Johnson* was June 27, 2016 (June 26, 2016 was a Sunday and under Fed. R. Civ. P. 6(a)(1)(C), the time was extended to Monday, June 27). Alvarez's Motion Under 28 U.S.C. §§ 2255 was not filed until August 15, 2016, more than one year after the Supreme Court's decision in *Johnson.* Therefore, his Motion is also untimely under § 2255(f)(3).

Movant Alvarez's Motion under 28 U.S.C. §§ 2255 was not filed until August 15, 2016, more than two years after the judgment in his criminal case became final and more than one year

2

after the *Johnson* decision. Unless there is a basis for the limitation period to run from a different date or for tolling of the time, Alvarez's motion is untimely under 28 U.S.C. § 2255(f). Therefore, the Court will order Alvarez to show cause why his Motion should not be dismissed as untimely. In his response to this Order, Alvarez shall identify any basis he claims for timeliness of his Motion under § 2255(f), including any basis for equitable tolling, and shall set out the facts supporting such a basis. To be entitled to equitable tolling, a movant must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Lawrence v. Florida,* 549 U.S. 327, 336 (2007) (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)); *Yang. v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008). If Alvarez fails to show cause within thirty days, the Court may dismiss his Motion as untimely without further notice.

**IT IS THEREFORE ORDERED** that Movant Mario Alvarez shall, **within thirty (30) days of entry of this Order**, show cause why his Abridged Motion to Vacate, Set Aside Criminal Conviction and Sentence Pursuant to 28 U.S.C. Section 2255 in Light of Johnson v. United States, 135 Ct. 25551 (2015) (*CV Doc. 1, Cr Doc. 101*) should not be dismissed as untimely under 28 U.S.C. § 2255(f).

**IT IS FURTHER ORDERED** that, if Movant Alvarez fails to show cause within thirty days, **the Court may dismiss his Motion as untimely without further notice**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**